UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
EVA DELLA CROCE,

                    Plaintiff,              **MEMORANDUM AND ORDER**
                                                                           17-CV-440 (RRM)

  -against-

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL SECURITY,[1]

                    Defendant.
----------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

        In a memorandum and order dated May 26, 2018, the Court granted plaintiff Eva Della Croce's motion for judgment on the pleadings, denied defendant's cross-motion, and remanded plaintiff's claim for disability insurance benefits to the Commissioner of Social Security ("the Commisioner") for further administrative proceedings. After obtaining a fully favorable decision on remand and two days after the Social Security Administration ("SSA") mailed plaintiff a Notice of Award of past-due benefits, plaintiff's counsel filed a letter-motion (hereafter, the "Instant Motion"), requesting that the Court award counsel $6,000 in fees. For the reasons set forth below, that motion is denied with leave to amend.

## BACKGROUND

        In mid-October 2013, plaintiff retained the Law Offices of Max D. Leifer, P.C. ("Leifer") to represent her in proceedings before the SSA. (T 71.)[2] Plaintiff signed a retainer agreement in which plaintiff agreed to pay her attorney the lesser of 25% of any and all retroactive benefits

---

[1] The complaint in this action named Carolyn W. Colvin, who was then Commissioner of Social Security, as defendant. Federal Rule of Civil Procedure 25(d)(1) provides that "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending[, … the] officer's successor is automatically substituted as a party." Since Kilolo Kijakazi is now Acting Commissioner, she is automatically substituted for Ms. Colvin.

[2] Numbers proceeded by "T" denote pages in the Administrative Transcript (Doc. No. 16).

awarded to plaintiff or "the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406." (T 72.) The agreement specifically noted that this maximum amount would rise to $6,000 as of June 22, 2009. (*Id.*) However, the retainer agreement covered only legal services "though the first hearing before an Administrative Law Judge." (*Id.*)

Leifer promptly filed a claim for disability insurance benefits on plaintiff's behalf, alleging that plaintiff was disabled since May 2013. (T 133–37.) That application was initially denied on April 10, 2014, (T 76–80), and plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (T 88–89). On December 3, 2015, an ALJ Janet McEneaney denied plaintiff's claim. (T 17–23.) Leifer requested that the Appeals Council review the ALJ's decision, (T 14–15), but the Appeal Council denied that request on January 4, 2017, (T 1–4), making the ALJ's ruling the Commissioner's final decision.

On January 26, 2017, Leifer commenced this action on plaintiff's behalf, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). (Complaint (Doc. No. 1).) After the Commissioner served the administrative transcript on plaintiff, both parties moved for judgment on the pleadings. On September 26, 2018, the Court granted plaintiff's motion to the extent that it requested that plaintiff's claim be remanded for further administrative proceedings and denied defendant's cross-motion. (Memorandum and Order (Doc. No. 19) at 14.) The following day, the Court entered judgment and remanded the case. (Judgment (Doc. No. 20).) Leifer continued to represent plaintiff and on July 5, 2019, ALJ Jack Russak issued a fully favorable decision, finding that plaintiff had been disabled since May 1, 2013. (ALJ's Decision (Doc. No. 21 at 8–10).)

On August 4, 2019, the SSA sent plaintiff a Notice of Award ("NOA"), stating that she would receive past-due benefits from October 2013 – five full months after she became disabled

– through July 2019.  (NOA (Doc. 21 at 2–4).)  The NOA did not calculate the exact amount of the past-due benefits.  But it implied that they totaled almost $170,000 by stating that the SSA usually withholds 25% of past-due benefits to pay a claimant's representative and was withholding $42,432.38 in this case.  (*Id.* at 3.)

On August 6, 2019 – two days after the NOA was mailed – Leifer filed the Instant Motion, requesting a fee for the firm's successful representation of plaintiff in this action. (Letter (Doc. No. 21 at 1).)  That motion consists of a one-page letter, to which Leifer has attached excerpts of the NOA and ALJ Russak's decision.  In the letter, Leifer requests "a fee of $6,000 for the services rendered in federal court," and notes that the firm has already requested a "separate fee of $6,000" for "services rendered [at] the administrative level."  (*Id.*)  The letter explains that Leifer is seeking $6,000 because that is the "lesser of 25% or $6,000," but does not reference or attach a retainer agreement and does not allege a statutory basis for granting attorney's fees.

Defendant – who has no financial stake in this motion and is acting in a role resembling trustee for claimants, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) – opposes plaintiff's fee application.  Defendant assumes that plaintiff is proceeding pursuant to 42 U.S.C. § 406(b), and argues that plaintiff's application is deficient because it does not attach a copy of the fee agreement or time records relating to this action.  Plaintiff has not filed a reply or otherwise responded to defendant's opposition.

## STANDARD OF REVIEW

When considering whether to award attorney's fees, the "bedrock principle" is the "American Rule": Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370 (2019) (internal

quotations marks and citation omitted). Under this rule, courts "follow 'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.'" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001) (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). "Congress, however, has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes." *Id.*

Two of those "numerous statutes" are applicable to Social Security appeals and are at issue here. One is the Equal Access to Justice Act ("EAJA"), which "authorizes an award against the Government for reasonable fees in 'civil action[s].'" *Culbertson v. Berryhill*, 139 S. Ct. 517, 521 (2019). The EAJA provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA specifies when and how a prevailing party is to apply for fees under the statute:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

*Id.* § 2412(d)(1)(B). As used in this statute, the term "'final judgment' means a judgment that is final and not appealable, and includes an order of settlement." *Id.* § 2412(d)(2)(G).

4

A United States officer or employee sued in an official capacity has 60 days after entry of judgment in which to appeal. Fed. R. App. P. 4(a)(1)(B)(iii). Accordingly, the Court's judgment against the Commissioner in this case was no longer appealable and became final on November 26, 2018 – 60 days after the Court entered judgment. Under § 2412(d)(1)(B), an application for EAJA fees would have to be filed within 30 days of that date. However, "courts in the Second Circuit routinely apply the doctrine of equitable tolling to EAJA fee applications." *Charles v. Colvin*, No. 13-CV-3432 (FB), 2015 WL 403239, at *1 (E.D.N.Y. Jan. 29, 2015) (citing cases).

The second statute that is applicable to Social Security cases is 42 U.S.C. § 406, which governs fees for representation of persons claiming Social Security disability benefits. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht*, 535 U.S. at 794. Prior to November 30, 2022, the fees that the SSA could award to attorneys or others representing a claimant in administrative proceedings were capped at the lesser of 25% of the past-due benefits or $6,000. *See* 42 U.S.C. § 406(a)(2)(A)(ii); "Maximum Dollar Limit in the Fee Agreement Process," 74 Fed. Reg. 6080-02 (Feb. 4, 2009).[3] In contrast, § 406(b), which authorizes a federal court to award an attorney a reasonable fee for obtaining a judgment favorable to a claimant, permits a fee of up to "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

Claimants who, like plaintiff, have secured sentence four remand judgments in the district court, have to "file § 406(b) motions for attorney's fees within the … period specified in Rule

---

[3] Pursuant to §406(a)(2)(A), which provides that the Commissioner "may from time to time increase the dollar amount" that can be paid to representatives in administrative proceedings, the Commissioner increased the maximum fee to $7,200 effective November 30, 2022. "Maximum Dollar Limit in the Fee Agreement Process," 87 Fed. Reg. 39157-01 (June 30, 2022).

5

54(d)(2)(B)" of the Federal Rules of Civil Procedure. *Sinkler v. Berryhill*, F.3d 83, 89 (2d Cir. 2019). That rule provides that "[u]nless a statute or a court order provides otherwise, the motion must … be filed no later than 14 days after the entry of judgment …." Fed. R. Civ. P. 54(d)(2)(B). The 14-day "deadline of Rule 54 is not … jurisdictional," *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004), and "is subject to equitable tolling when § 406(b) motions must await the SSA Commissioner's calculation of benefits." *Sinkler*, 932 F.3d at 91.

Both the Second Circuit and the Supreme Court have provided "guidelines for courts conducting [the] reasonableness analysis" required under § 406(b). *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). In cases in which there is contingent-fee agreement between an attorney and a Social Security claimant, the guidelines require courts to "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht*, 535 U.S. at 808; *see Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, … the best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells*, 907 F.2d at 371.

There are several factors that a court should consider in evaluating the reasonableness of the contingent-fee agreement. The Second Circuit has "instructed courts to 'determine whether the contingency percentage is within the 25% cap' and then to consider 'whether there has been fraud or overreaching in making the agreement, and' … 'whether the requested amount is so large as to be a windfall to the attorney.'" *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372). In *Gisbrecht*, the Supreme Court provided examples of factors a court might consider in conducting this reasonableness analysis:

6

> First, the [Supreme] Court pointed to the character of the representation and the results the representative achieved, noting that courts may reduce the requested fees where the representation is substandard.  Second, the Court indicated that a reduction is appropriate where the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused.  And third, a reduction may be in order if the benefits are large in comparison to the amount of time counsel spent on the case – the so-called 'windfall' factor ….

*Fields*, 24 F.4th at 853 (internal quotations and citations omitted).

The Second Circuit has identified four "factors to be considered" in determining whether the amount of attorney's fees requested constitutes a windfall to the attorney.  First, courts should consider "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Id.* at 854.  Second, "courts should consider the nature and length of the professional relationship with the claimant – including any representation at the agency level." *Id.* at 855.  Third, the Court should consider "the satisfaction of the disabled claimant." *Id.*  "Finally, a fourth important factor to consider is how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.*

## DISCUSSION

As defendant's opposition correctly notes, plaintiff's application for attorney's fees in this case does not contain sufficient information.  First, it does not specify the statutory basis on which plaintiff relies.  Although defendant assumes that plaintiff is moving pursuant to 42 U.S.C. § 406(b), the Court is unwilling to engage in guesswork.  Since the Court cannot award fees "absent explicit statutory authority," *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 602, and since these statutes specify when and how fee applications are to be made, *see, e.g.*, 42 U.S.C. §

7

2412(d)(1)(B), the Court cannot analyze the Instant Motion unless plaintiff first clarifies the statute(s) on which the motion relies.

Second, even assuming that plaintiff is moving pursuant to § 406(b), plaintiff has not provided the information the Court needs to engage in the reasonableness analysis. Plaintiff's submission does not include the retainer agreement relating to Leifer's representation of plaintiff before this Court. The only retainer agreement in the record relates solely to Leifer's representation of plaintiff in the initial agency proceedings and covered only legal services "though the first hearing before an Administrative Law Judge." (T 72.)

Plaintiff also does not provide documentation establishing how much time Leifer spent on this case and how much Leifer charges for its attorneys' and paralegal's time. This information is needed not only to assess whether the amount plaintiff seeks constitutes a windfall, but also to enable the Court to assess how much plaintiff could have received in EAJA fees. If EAJA fees are less than the fees awarded under § 406(b), the amount of § 406(b) fees paid out of the past-due benefits are reduced by amount the Government paid pursuant to the EAJA. *See Ward v. Kijakazi*, 20-CV-5412 (PGG)(JLC), 2023 WL 329210, at *2 (S.D.N.Y. Jan. 20, 2023) (quoting *Gisbrecht*, 535 U.S. at 796). "If the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error." *Iliceto v. Sec'y of Dep't of Health & Hum. Servs.*, No. 83-CV-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990). Accordingly, even though plaintiff may not be currently seeking attorney's fees under the EAJA, the Court still needs to calculate the amount of EAJA fees counsel could have received in order to determine fees under § 406(b).

## CONCLUSION

For the reasons set forth above, plaintiff's motion for attorney's fees is denied with leave to amend it within 30 days of the date of this Memorandum and Order. The amended motion must specify the statutory basis or bases on which plaintiff relies in requesting fees. If the motion is brought pursuant to 42 U.S.C. § 406(b), plaintiff shall either attach a copy of the retainer agreement relating to Leifer's representation of plaintiff before this Court or explain why no such agreement exists. Regardless of its statutory basis, the motion shall include an itemized statement setting forth the actual time Leifer expended on this litigation and the hourly rate charged by the law firm personnel who worked on this case.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2023

/s/ *Roslynn R. Mauskopf*
ROSLYNN R. MAUSKOPF
United States District Judge